# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALESIA D. BOELTER,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
AT-1221-21-0211-W-1

DATE: April 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alesia D. Boelter</u>, Harlem, Georgia, pro se.

<u>Karla Brown Dolby</u>, Decatur, Georgia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal on the grounds that she failed to show that she engaged in protected activity or made protected disclosures, or that her purported disclosures or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

activity were contributing factors in her probationary termination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's claim that she was retaliated against for refusing to sign hiring forms, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency terminated the appellant on May 21, 2020, from her Human Resources Assistant position during her probationary period due to her failure to comprehend the complexity of her work, which resulted in delays in the hiring and onboarding of new employees.[2] Initial Appeal File (IAF), Tab 7 at 12-15. Subsequent to her termination, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency terminated her, among other

---

[2] The appellant's petition for review of the initial decision in *Boelter v. Department of Veterans Affairs*, MSPB Docket No. AT-315H-20-0568-I-1, which dismissed the appellant's appeal of her probationary termination for lack of jurisdiction, will be addressed in a separate decision.

retaliatory acts,[3] for refusing to "sign off" on hiring forms that she had not verified, namely form I-9 (U.S. Citizenship and Immigration Services Employment Eligibility Verification) and Standard Form (SF) 61 (Appointment Affidavits). IAF, Tab 1 at 19-21. She also argued that she was retaliated against for refusing to attend employee luncheons during the COVID-19 pandemic and for disclosing that employees failed to adhere to social distancing rules. *Id.* at 24-25. On November 30, 2020, OSC issued a close-out letter ending its inquiry into the appellant's complaint and notifying the appellant that she may file an IRA appeal with the Board. *Id.* at 11.

¶3 On January 28, 2021, the appellant filed the instant appeal, attaching a copy of her OSC complaint and the November 30, 2020 OSC close-out letter. *Id.* at 1-30. On her appeal form, the appellant reiterated that her termination was the result of whistleblower retaliation, and indicated that she did not want a hearing.[4] *Id.* at 3-5, 7.

¶4 The administrative judge denied the appellant's request for corrective action, finding that, although she established jurisdiction over her appeal, she failed to show that she refused to sign hiring forms that she had not verified or that she disclosed concerns regarding failure to follow social distancing

---

[3] The appellant also alleged she was harassed, denied training, and that her computer work was sabotaged. IAF, Tab 1 at 20. Because the administrative judge correctly found that the appellant failed to show that she engaged in protected activity or made protected disclosures, IAF, Tab 20, Initial Decision (ID) at 6, it is unnecessary to determine whether these actions constituted personnel actions under the whistleblower protection statutes.

[4] The appellant also claimed in her OSC complaint and during her Board appeal that the agency committed prohibited discrimination by failing to provide her a reasonable accommodation. IAF, Tab 1 at 22-23, Tab 18 at 10-12. Because the appellant's discrimination complaints do not constitute protected disclosures or activity falling within the Board's IRA jurisdiction, the Board lacks authority to review them. *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327 (Fed. Cir. 2020) ("[I]n an IRA appeal to the Board, the Board's review is limited to the merits of allegations of violations of the Whistleblower Protection Act. Discrimination claims may not be raised in that context.").

requirements, and therefore failed to prove by preponderant evidence that she made protected disclosures or engaged in protected activity. IAF, Tab 20, Initial Decision (ID) at 2, 4-6. The administrative judge then found, applying the knowledge/timing test, that even if the appellant did make protected disclosures or engage in protected activity, she failed to show that such disclosures or activity contributed to the alleged personnel actions because she did not show that the responsible officials knew of the disclosures or activity. ID at 7-8.

¶5   The appellant filed a petition for review in which she, among other arguments, repeats her retaliation claim, argues that the administrative judge erred in finding that the employee luncheons she refused to attend were not mandatory and that form I-9 did not require a human resources representative's signature, and suggests that a timely request for an unidentified extension was not granted.[5] Petition for Review (PFR) File, Tab 3.[6] She also notes that a February 2020 email in the record below demonstrates her refusal to sign off on hiring forms. *Id.* at 4. The agency filed a response. PFR File, Tab 4.

---

[5] Nothing in the record shows that the administrative judge denied any timely extension request by the appellant. Though on April 8, 2021, the appellant requested a delay of the close of record conference set for April 14, 2021, she was ultimately able to attend. IAF, Tab 10 at 2, Tab 11 at 1. On April 14, 2021, the administrative judge granted the appellant's request for a 30-day suspension of case processing to give her additional time to prepare, allowed the appellant to reopen discovery during the suspension period, and postponed the close of record date from April 23 to June 11, 2021. IAF, Tab 8 at 1, Tab 11 at 4. On June 9, 2021, the appellant requested another extension in order to receive and respond to discovery from the agency and gather witness testimony. IAF, Tab 15 at 2-3, 10-11. The administrative judge granted this additional request, and considered in the initial decision three submissions the appellant filed after the close of record date. ID at 3 n.5.

[6] In PFR File, Tab 3, the appellant corrected format errors in PFR File, Tab 1. We are considering the corrected pleading as the appellant's petition for review.

**The evidence showing the appellant's statements and actions related to signing hiring forms, which the administrative judge failed to consider, do not establish that the appellant engaged in protected activity or made protected disclosures.**

¶6    Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1).  Once an appellant establishes jurisdiction over her IRA appeal, she must prove the merits of her claim by preponderant evidence.  *Salerno*, 123 M.S.P.R. 230, ¶ 5.

¶7    The appellant's reprisal allegations potentially implicate 5 U.S.C. § 2302(b)(8) and (b)(9)(D).  A disclosure is protected under 5 U.S.C. § 2302(b)(8) if the individual reasonably believes that the information being disclosed evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014).  The standard for evaluating the reasonableness of the belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable to the employee could reasonably conclude that the agency actions evidence one of these types of wrongdoing.  *Id.*  Moreover, the disclosures must be specific and detailed, and not a vague allegation of wrongdoing.  *Id.*, ¶ 14.  Meanwhile, 5 U.S.C. § 2302(b)(9)(D) protects employees from retaliation for "refusing to obey an order that would require the individual to violate a law, rule or regulation."

¶8   In finding that the appellant failed to prove that she refused to sign hiring forms she did not verify, the administrative judge failed to consider two items of evidence. One was a February 27, 2020 email from the appellant's supervisor memorializing two meetings pertaining to the appellant's performance. IAF, Tab 7 at 34-35. In the email, the supervisor explained the agency system for processing I-9s, which had human resources personnel documenting a new employee's identification on I-9s to verify the new employee's citizenship, and forwarding those I-9s to other employees to input information into USA Staffing, a hiring software application. *Id.* at 35, 88. In recounting a conversation between herself and the appellant about this system, the supervisor's email stated: "[w]e discussed your refusal to complete the I-9, you express[ed] that you were uncomfortable [accepting] information from your co-workers when [new employee orientation] was held in an alternate location . . . unless the co-worker signed the I-9 . . . ." *Id.* at 35. The email stated that the supervisor told the appellant that she did not understand the appellant's reasoning, as the requested steps had been agreed upon by all the other HR assistants "as a team effort to get the work done." *Id.*[7] The supervisor then stated in the email that the "topic lasted for awhile [sic]," as the appellant explained she could not be certain that the information she was given by other human resources personnel was accurate, and thus reiterated that she wouldn't enter the information into USA Staffing unless the employee who received the documentation from the new employee signed the I-9. *Id.* According to the supervisor's email, this portion of the conversation ended with the supervisor insisting to the appellant that the appellant was responsible for completing onboarding of new employees (i.e. completing the I-9) in her "service area" and ensuring all her information was

---

[7] This same supervisor provided a declaration in which she said the decision to alter the process had been made in February 2020, the same month as the meetings regarding the appellant's performance. Yet the supervisor averred that the appellant did not disclose the she refused to sign the I-9 or SF-61.

consistent and accurate. *Id.* According to a later declaration from the supervisor, communication about this issue continued between them until at least March 26, 2020, with the supervisor reiterating that it was the appellant's responsibility to "ensure . . . documents were completed accurately and timely," the same issue over which the appellant raised the objection. IAF, Tab 16 at 23-24. The other piece of evidence the administrative judge failed to consider was an affidavit of the appellant's coworker in which, in response to an interrogatory asking whether the appellant spoke with the coworker between January and April 2020, about not wanting to sign off on documents that she "did not witness," such as I-9s and SF-61s, that are "required to witness [sic] during orientation," the coworker responded "[y]es. We did discuss this." IAF, Tab 16 at 137.

¶9      Together, this evidence establishes that the appellant told her supervisor that she was uncomfortable accepting information about new employees contained on I-9s when her coworkers had not signed the forms; that she was refusing to enter information from I-9s into USA Staffing unless her coworkers signed them; that she did not want to sign off on documents, including I-9s and SF-61s, that she did not witness; and that her concerns were due her uncertainty that information she was being asked to affirm was accurate. Nevertheless, we cannot conclude that her expressions of concern amounted to a disclosure of any potential violation of one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8). There is no record of her specifying any law, rule, or regulation she believed was violated. *See Heining v. General Services Administration*, 61 M.S.P.R. 539, 554-55 (1994) (finding an employee's expressions of disagreement with her supervisors' directions that did not disclose violations of a specific law, rule, or regulation did not constitute protected disclosures); *Padilla v. Department of the Air Force*, 55 M.S.P.R. 540, 543-44 (1992) (finding an employee's allegations did not constitute whistleblowing when, among other factors, they were vague and failed to set forth any specific law, rule, or

regulation she believed was violated). Although there is no requirement that an appellant correctly label the category of wrongdoing in a disclosure under 5 U.S.C. § 2302(b)(8), *Linder*, 122 M.S.P.R. 14, ¶ 14, the available evidence indicates the appellant's concerns were based on her uncertainty that information she was given in I-9s was accurate. IAF, Tab 7 at 35.

¶10    If disclosure of wrongdoing was indeed the appellant's intent in making these statements, her manner of communicating that intent was, as demonstrated by her supervisor's failure to understand her "logic," fatally vague. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 8 (2015) (finding that an employee's disclosures pertaining to delays in reimbursing his travel expenses only vaguely alleged wrongdoing and thus failed to nonfrivolously allege a violation of law, rule, or regulation), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). The appellant therefore failed to prove that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) in her discussions with her supervisor or coworkers about the processing of I-9s.

¶11    A more difficult question is whether the appellant's refusals to sign hiring forms or otherwise participate in the agency system for processing hiring forms constituted protected activity under 5 U.S.C. § 2302(b)(9)(D)which prohibits personnel actions taken against an employee because of the employee's refusal to obey an order that would require her to violate a law, rule, or regulation. The supervisor's own language described the appellant's "refusal to complete the I-9." IAF, Tab 7 at 34-35. It appears that the supervisor reiterated multiple times to the appellant that she was responsible to ensure the I-9 was completed. IAF, Tab 7 at 35, Tab 16 at 23-24. Nevertheless, the appellant has not shown that she received and disobeyed a direct order to complete an I-9. Additionally, the appellant has not argued before MSPB that signing the hiring forms or otherwise participating in the agency system for processing hiring forms would have violated a law, rule, or regulation.

¶12     Accordingly, although the administrative judge erred by failing to consider evidence of the appellant's statements regarding signing hiring forms, he correctly found that the appellant failed to show she engaged in protected activity or made protected disclosures, and his error did not affect the outcome of the appeal.

The appellant provides no basis for disturbing the administrative judge's findings on her claim of retaliation for disclosing failures to adhere to social distancing rules and refusals to attend luncheons during the pandemic.

¶13     Regarding the appellant's claims of retaliation for disclosing that employees were not adhering to social distancing rules and for her refusal to attend luncheons and other gatherings during the pandemic, the administrative judge's findings are correct and should not be disturbed.  ID at 6.  There is no evidence to show that the appellant made any disclosures or engaged in any activity related to coworkers failing to maintain social distancing or improperly gathering during the pandemic, that would qualify as protected under 5 U.S.C. § 2302(b)(8) or (9).  According to the appellant's supervisor, the appellant did express to her in the initial stages of the pandemic that she "wanted to be in an office by herself and return to the conference room," IAF, Tab 16 at 26, but that is the appellant's only communication on these subjects established by the evidence and we discern no basis to find such a statement protected under 5 U.S.C. § 2302(b)(8).  Further, to the extent that the luncheons during the pandemic could constitute a claim that the appellant was being ordered to engage in illegal conduct, the appellant's supervisor stated in a declaration that all luncheons were voluntary, *id.* at 26-27, which the appellant offered no evidence to refute.  Thus, there was no "order" that the appellant refused to obey in not attending the luncheons, removing any such refusals from the purview of 5 U.S.C. § 2302(b)(9)(D).[8]

---

[8] Finally, we recognize the deficiency of the administrative judge's contributing factor analysis because it was limited to an application of the knowledge/timing test.  ID

**NOTICE OF APPEAL RIGHTS**[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

at 7-8. The Board has held that if an administrative judge determines that an appellant has failed to show contributing factor through the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). However, because we concur with the administrative judge's finding that the appellant failed to establish protected disclosures or activity, ID at 6, this deficiency does not affect the outcome of the appeal.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                       /s/ for

                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.